AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of California

**FILED**

Sep 10 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ VeronicaCota          DEPUTY

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Black Google Cellphone
Model: Unknown
Seized as FP& F: 2024255400020801 Item: 0003

)
)
)
)
)
)

Case No.   24MJ8804

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A-2, incorporated herein by reference.

located in the _____Southern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 | Transportation of Illegal Aliens |

The application is based on these facts:

See Attached Affidavit of Border Patrol Agent Fernando Quiroz incorporated herein by reference.

❏ Continued on the attached sheet.

❏ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Fernando Quiroz*

*Applicant's signature*

Border Patrol Agent Fernando Quiroz

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: _____09/10/2024_____

*Judge's signature*

City and state: El Centro, California     HON. LUPE RODRIGUEZ JR., U.S. MAGISTRATE JUDGE

*Printed name and title*

## ATTACHMENT A-2
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-2:**          Black Google Cellphone
             Model: Unknown
             Seized as FP& F: 2024255400020801 Item: 003
             Seized from Yahaira Beatriz ZELAYA-Calderon
             **(Target Device #2)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT B**

ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-6 include the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of August 2, 2024, up to and including September 2, 2024, and is limited to the following:

a.   tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.   tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.   tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.   tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.   tending to identify the user of, or persons with control over or access to, the Target Device;

f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.

## AFFIDAVIT

I, Fernando Quiroz, United States Border Patrol Agent, having been duly sworn, depose and state as follows:

### INTRODUCTION

1.     I submit this affidavit in support of an application for warrant(s) to search the following electronic device(s):

**A-1:**         Gray Razor Cellphone
                Model: Unknown
                Seized as FP& F: 2024255400020801 Item: 002
                IMEI: Unknown
                Seized from Yahaira Beatriz ZELAYA-Calderon
                **(Target Device #1)**

**A-2:**         Black Google Cellphone
                Model: Unknown
                Seized as FP& F: 2024255400020801 Item: 003
                Seized from Yahaira Beatriz ZELAYA-Calderon
                **(Target Device #2)**

**A-3:**         Black Doppio Cellphone
                Model: Unknown
                Seized as FP& F: 2024255400020801 Item: 004
                Seized from Luis Miguel RODRIGUEZ-Parra
                **(Target Device #3)**

**A-4:**         White Apple iPhone
                Model: Unknown
                Seized as FP& F: 2024255400020801 Item: 005
                IMEI: Unknown
                Seized from Tonall Emanuel MORALES-Luna
                **(Target Device #4)**

**A-5:**         Black Redmi Cellphone
                Model: Unknown
                Seized as FP& F: 2024255400020801 Item: 006
                IMEI: Unknown
                Seized from Erick MEZA-Luna
                **(Target Device #5)**

1

**A-6**:     Pink Samsung Cellphone
             Model: Unknown
             Seized as FP& F: 2024255400020801 Item: 007
             IMEI: Unknown
             Seized from Alejandro LORENZO-Luna
             **(Target Device #6)**

as further described in Attachments A-1 to A-6, and to seize evidence of a crime, specifically, violations of Title 8, United States Code, Section 1324 (Alien Smuggling), as further described in Attachment B.

2.     The requested warrant relates to the investigation and prosecution of Yahaira Beatriz ZELAYA-Calderon (ZELAYA) for transportation of illegal aliens Alejandro LORENZO-Luna (LORENZO), Luis Miguel RODRIGUEZ-Parra (RODRIGUEZ), Tonall Emanuel MORALES-Luna (MORALES) and Erick MEZA-Luna (MEZA) (collectively, the "Material Witnesses") in violation of Title 8 U.S.C. § 1324 within the Southern District of California. The Target Devices were seized from ZELAYA and the Material Witnesses on or about September 1, 2024, incident to the arrest of ZELAYA and the Material Witnesses. The Target Devices are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

3.     Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth every fact that I, or others, have learned during the course of this investigation. The information contained in this Affidavit is based upon my personal observations and knowledge, my review of various official reports, and upon conversations with other Border Patrol Agents.  Dates and times are approximate.

**EXPERIENCE AND TRAINING**

4.     I am a United States Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection, United States Border Patrol ("USBP"). I have been employed as a full-time, sworn federal BPA with the USBP since June 4, 2007, and

graduated from the USBP Basic Border Patrol Training Academy located in Artesia, New Mexico. The Border Patrol Academy curriculum covers specialized training in the Immigration and Naturalization Act (INA), training in Titles 8,18, 19, 21 and 31 of the United States Code, criminal law, and statutory authority.

5. I am currently assigned to the El Centro Sector Prosecutions Unit. The El Centro Sector Prosecutions Unit is tasked with the responsibility of investigating and prosecuting alien smuggling organizations that utilize the Southern and Central Districts of California as an operational corridor. In the course of my duties as a Border Patrol Agent, I investigate and prepare cases for prosecution against persons involved in the inducement of the illegal entry of undocumented aliens into the United States; the smuggling of undocumented aliens into the United States; and the transportation and harboring of undocumented aliens within the United States.

6. Through the course of my training, investigations, and conversations with other law enforcement personnel, I have gained a working knowledge of the operational habits of alien smugglers and alien transporters, those who attempt to smuggle aliens into the United States from Mexico and transport them throughout the Southern District of California. I am aware that it is a common practice for alien smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators and/or illegal aliens in order to further their criminal activities. Because they are mobile, the use of cellular telephones permits alien smugglers and transporters to easily carry out various tasks related to their smuggling activities, including, *e.g.*, remotely monitoring the progress of the aliens while the aliens are in transit, providing instructions to transporters, guiding aliens to specific pick up locations, warning accomplices about law enforcement activity in the area and the status of check-point operations, and communicating with co-conspirators who guide aliens, coordinate drop off locations, and/or operate alien stash houses.

7. The smuggling of aliens generates many types of evidence, including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the

arrangements of travel, names, photographs, text messaging (via SMS or other applications), and phone numbers of co-conspirators and illegal aliens. For example, drivers and passengers responsible for transporting illegal aliens are typically in telephonic contact with co-conspirators immediately prior to and/or following the crossing of the illegal aliens at the border, at which time they receive instructions, including where to pick-up the illegal aliens for transportation into the United States and where to take the illegal aliens after crossing into the United States. These communications may also include locations for delivery to stash houses and/or sponsors. Illegal aliens also are typically in telephonic contact with co-conspirators prior to and following their crossing in order to make smuggling arrangements, receive instructions, and report their locations after crossing.

8. Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular telephones (including their Subscriber Identity Module (SIM) card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. In particular, in my experience and consultation with law enforcement officers experienced in alien smuggling investigations, I am aware that individuals engaged in alien smuggling may store photos and videos on their cell phones that reflect or show co-conspirators and associates engaged in alien smuggling, as well as images and videos with geo-location data identifying alien smuggling transportation routes, and communications to and from recruiters and organizers.

9. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones may yield evidence:

    a.    tending to indicate efforts to smuggle aliens from Mexico into the United States;

b.    tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate alien smuggling and transportation of smuggled aliens;

c.    tending to identify co-conspirators, criminal associates, or others involved in alien smuggling, or transportation of smuggled aliens;

d.    tending to identify travel to or presence at locations involved in the smuggling, transportation, or harboring of illegal aliens, such as stash houses, load houses, or delivery points;

e.    tending to identify the user of, or persons with control over or access to, the Target Device(s); and/or

f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

10.    This complaint is based upon statements in the investigative report by Border Patrol Agent (BPA) R. Ramirez that on September 1, 2024, Yahaira Beatriz ZELAYA-Calderon (ZELAYA), an El Salvador Citizen was arrested near Calexico, California while transporting four non-citizens in violation of Title 8, United States Code, Section 1324.

11.    On September 1, 2024, the Anit-Smuggling Unit (ASU) Border Patrol Agents (BPA) were conducting surveillance in the East Desert of the Calexico Border Patrol Station's Area of Responsibility (AOR) approximately 18 miles east of Calexico, California. This area of the border region consists mainly of spotted brush and open desert. In this area, there is a fence on the International Boundary that is approximately 15 feet tall. The All-American Canal (AAC) is a large canal that runs parallel through this area. The AAC is approximately a mile north of the International Boundary. Highway 98 is approximately one mile north of the International Boundary and runs parallel to it as well. This area is consistently used by smugglers to smuggle illegal aliens further into the United States due to its proximity to the border and quick access to the highway.

12.     At approximately 12:11 pm, BPA W. Artiles, who was assigned to Zone 18 found foot sign for four suspected illegal aliens south of the (AAC), approximately 3.3 miles east from Drop 4. At approximately 12:45 pm, BPA M. Hernandez-Flores who was assigned to the Calexico Sation Remote Video Surveillance System (RVSS) room observed four suspected illegal aliens swim north the AAC, exit the AAC, and travel north towards Highway 98. BPA Hernandez-Flores relayed her observations via radio to ASU BPAs. Within a few minutes of observing the group of suspected illegal aliens travel north towards Highway 98, BPA Hernandez-Flores notified via radio of the group as they traveled north through the thick brush.

13.     At approximately, 1:42 pm, BPA A. Gaytan requested BPA Artiles to search for the location where the group of suspected illegal aliens exited the northside of the AAC. At approximately, 1:50 pm, BPA J. Quintero advised BPA A. Gaytan a blue Lexus vehicle was traveling east bound on Interstate 8 (I-8) from the Highline bridge and DHS records indicated the Lexus was recently identified as a suspected alien smuggling conveyance by El Centro Sector Intelligence Unit (ELC-SIU). BPA Gaytan relayed this information to fellow ASU BPAs. At approximately, 1:59 pm, El Centro Radio Communications (840) advised via radio that a citizen's report observed four suspected illegal aliens standing near I-8, approximately 3 miles west from the East Y (Intersection of Highway 98 and I-8) and appeared to be waiting to get picked up.

14.     At approximately 2:08 pm, BPA Ramirez who was driving a fully marked U.S. Border Patrol vehicle, was observing vehicle traffic near Brock Research Center Road on I-8. Within a few minutes of the announcement from 840 of the citizen's report, BPA Ramirez observed a blue Lexus pass his location and followed behind the Lexus. BPA Ramirez followed the Lexus for several miles and observed multiple occupants in the rear passenger seat and two front occupants. As BPA Ramirez got closer to the Lexus, he observed the occupants in the rear passenger seat crouch or duck down lower and observed the Lexus slow down from 70 miles per hour to approximately 55 miles per hour. The posted speed limit on I-8 is 70 miles per hour. BPA Ramirez requested record checks on

the Lexus from El Centro Communications (840) and relayed his observations to other ASU BPAs in the area.

15.    At approximately 2:11 pm, BPA Ramirez activated his vehicles emergency lights and siren to signal the Lexus to stop. The Lexus made a complete stop, approximately .5 miles east from Midway campground on I-8 east bound lanes. BPA Ramirez approached the passenger side of the Lexus, identified himself as a United States Border Patrol Agent, and ordered the driver of the Lexus out of the vehicle. The driver of the Lexus, later identified as Yahaira Beatriz, ZELAYA-Calderon, exited the Lexus. BPA Ramirez inquired if she had picked up the group of suspected illegal aliens on the side of the road, ZELAYA admitted to picking up the group of illegal aliens and was placed in handcuffs. BPA Ramirez questioned ZELAYA about her citizenship and ZELAYA stated that she is a citizen of El Salvador.

16.    BPA C. Mesina approached the Lexus and identified himself as a United States Border Patrol Agent to the four remaining occupants of the Lexus. All four occupants admitted being citizens of Mexico and had earlier entered illegally into the United States. All subjects were arrested and transported to the Calexico Border Patrol Station for further processing.

17.    During post-Miranda statement, ZELAYA stated she is an El Salvador Citizen and in the United States legally as an asylum seeker. Zelaya stated she traveled today to the desert in order to pick up undocumented individuals. ZELAYA admitted that she contacted an individual for this job through the "El Clasificado" listing. ZELAYA acknowledged she knew she was smuggling and was expecting to be paid between $400 for every undocumented individual.

18.    Material Witness RODRIGUEZ-Parra stated he is a citizen of Mexico. RODRIGUEZ-Parra stated he does not have documents to be in the United States legally. RODRIGUEZ-Parra stated his family made smuggling arrangements and was going to pay $9,000 to be smuggled to Los Angeles, California. RODRIGUEZ-Parra stated that he along with three others in the group received instructions via a cellphone from smugglers in

Mexico. RODRIGUEZ-Parra was presented with six pack photo line -up labeled A and identified picture #1 as the driver of the car which he was arrested in. Picture #1 depicts ZELAYA-Calderon.

19.    Material Witness MORALES-Luna stated he was born in Guerrero, Mexico and is a citizen of Mexico. MORALES stated he does not have documents to be in the United States legally. MORALES stated his family made smuggling arrangements and was going to pay $10,000 to be smuggled to Los Angeles, California. MORALES-Luna was presented with six pack photo line -up labeled A and identified picture #1 as the driver of the car which he was arrested in. Picture #1 depicts ZELAYA-Calderon.

20.    Material Witness LORENZO-Luna stated he is a citizen of Mexico. LORENZO-Luna stated he does not have documents to be in the United States legally. LORENZP-Luna stated he made smuggling arrangements and was going to pay $8,500.00 to be smuggled to Los Angeles, California. LORENZO-Luna stated the color of the load vehicle was gray. Lorenzo-Luna was presented with six pack photo line -up labeled A and identified picture #1 as the driver of the car which he was arrested in. Picture #1 depicts ZELAYA-Calderon

21.    Material Witness MEZA-Luna post Miranda stated he is a citizen of Mexico. MEZA-Luna stated he does not have documents to be in the United States legally. MEZA-Luna stated his family made smuggling arrangements and was going to pay $8,000 to be smuggled to Los Angeles, California. MEZA-Luna was presented with six pack photo line -up labeled A and identified picture #1 as the driver of the car which he was arrested in. Picture #1 depicts ZELAYA-Calderon.

22.    During a search incident to arrest of ZELAYA and the Material Witnesses, six cellphones were found:  Agents located a gray Razor cellphone (Target Device #1) and a black Google cellphone (Target Device #2) in the center console of the Lexus and ZELAYA claimed ownership of both cellphones. A black Doppio cellphone (Target Device #3) was found on RODRIGUEZ's person and RODRGIGUEZ claimed ownership of this cellphone. A white Apple iPhone (Target Device #4) was found on MORALES'

person and MORALES claimed ownership of this cellphone. A black Redmi cellphone (Target Device #5) was found on MEZA's person and MEZA claimed ownership of this cellphone. A pink Samsung cellphone was found on LORENZO's person and LORENZO claimed ownership of this cellphone.  All cellphones were seized as evidence.

23.     I am aware that smuggling conspiracies require planning to successfully evade detection by law enforcement.  In my professional training and experience, this may require planning and coordination in the days and weeks prior to the event.  Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine their whereabouts.  Given this, I respectfully request permission to search the Target Devices for data beginning on August 2, 2024, up to and including September 2, 2024, the day after the arrest of ZELAYA and the Material Witnesses.

**METHODOLOGY**

24.     It is not possible to determine merely by knowing the cellular telephone's make, model and serial number, the nature, and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants, and have functions such as calendars and full address books, and can be minicomputers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network.  Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and, instead, store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be

acquired forensically, not all the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

25.     Following the issuance of this warrant, a case agent familiar with the investigation will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephones, and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

26.     Based on the foregoing, identifying, and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this Court.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

**CONCLUSION**

27.    Based on all the facts and circumstances described above, I believe that probable cause exists to conclude that ZELAYA and the Material Witnesses used the Target Devices to facilitate the offense of alien smuggling. The Target Devices likely were used to facilitate the offense by transmitting and storing data, specifically that described in Attachment B, which constitutes evidence of violations of Title 8, United States Code, Section 1324. I also believe that probable cause exists to believe that evidence of illegal activity committed by ZELAYA, the Material Witnesses, and others continues to exist on the Target Devices. Therefore, I respectfully request that the Court issue this warrant.

I swear the foregoing is true and correct to the best of my knowledge and belief.

*Fernando Quiroz*

Fernando Quiroz Border Patrol Agent
United States Border Patrol

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 10th day of September, 2024.

1:23 p.m.

HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

11

## **ATTACHMENT A-1**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**          Gray Razor Cellphone
                  Model: Unknown
                  Seized as FP& F: 2024255400020801 Item: 002
                  IMEI: Unknown
                  Seized from Yahaira Beatriz ZELAYA-Calderon
                  **(Target Device #1)**

 

The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-2
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-2:**             Black Google Cellphone
                Model: Unknown
                Seized as FP& F: 2024255400020801 Item: 003
                Seized from Yahaira Beatriz ZELAYA-Calderon
                **(Target Device #2)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-3
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-3:**       Black Doppio Cellphone
Model: Unknown
Seized as FP& F: 2024255400020801 Item: 004
Seized from Luis Miguel RODRIGUEZ-Parra
**(Target Device #3)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-4
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-4:**　　　　　White Apple iPhone
Model: Unknown
Seized as FP& F: 2024255400020801 Item: 005
IMEI: Unknown
Seized from Tonall Emanuel MORALES-Luna
**(Target Device #4)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-5
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-5:**        Black Redmi Cellphone
Model: Unknown
Seized as FP& F: 2024255400020801 Item: 006
IMEI: Unknown
Seized from Erick MEZA-Luna
**(Target Device #5)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-6
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-6:**          Pink Samsung Cellphone
              Model: Unknown
              Seized as FP& F: 2024255400020801 Item: 007
              IMEI: Unknown
              Seized from Alejandro LORENZO-Luna
              **(Target Device #6)**



The **Target Devices** are currently in the possession of the Department of Homeland
Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road,
Imperial, California 92251, and located in the evidence room of that office.

**ATTACHMENT B**

ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-6 include the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of August 2, 2024, up to and including September 2, 2024, and is limited to the following:

    a.    tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

    b.    tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

    c.    tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

    d.    tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

    e.    tending to identify the user of, or persons with control over or access to, the Target Device;

    f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.